UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

DESHAWN HARRIS,

                        Plaintiff,

-against-                                     9:23-CV-648 (LEK/MJK)

M.L. LIBERTY, *et al.*,

                        Defendant.

## MEMORANDUM-DECISION AND ORDER

**I.**    **INTRODUCTION**

        Plaintiff Deshawn Harris filed this action on May 21, 2023, pursuant to 42 U.S.C. § 1983, alleging, inter alia, that he was denied due process at his disciplinary hearing while he was an inmate in the custody of Clinton Correctional Facility ("Clinton C.F."). Dkt. No. 1 ("Complaint"). On May 19, 2025, the Honorable Michael J. Katz, United States Magistrate Judge, issued a Report-Recommendation and Order recommending that the Court grant Defendants' Motion for summary judgment, Dkt. No. 29 ("Motion"). Dkt. No. 38 ("Report and Recommendation"). Plaintiff has filed objections, Dkt. No. 41 ("Objection"), and Defendants replied, Dkt. No. 42.

        For the reasons that follow, the Court adopts the Report and Recommendation in its entirety.

**II.**    **BACKGROUND**

        The Court assumes familiarity with Judge Katz's Report and Recommendation, as well as Plaintiff's factual allegations as detailed therein. *See* R. & R. at 2–6.

### III.     LEGAL STANDARD

"Rule 72 of the Federal Rules of Civil Procedure and Title 28 United States Code Section 636 govern the review of decisions rendered by Magistrate Judges." *A.V. by Versace, Inc. v. Gianni Versace, S.p.A.*, 191 F. Supp. 2d 404, 405 (S.D.N.Y. 2002); *see also* 28 U.S.C. § 636; Fed. R. Civ. P. 72. Review of decisions rendered by magistrate judges are also governed by the Local Rules. *See* L.R. 72.1. 28 U.S.C. § 636 states:

> Within fourteen days after being served with a copy [of the Magistrate Judge's report and recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1)(C). When written objections are filed and the district court conducts a de novo review, that "*de novo* determination does not require the Court to conduct a new hearing; rather, it mandates that the Court give fresh consideration to those issues to which specific objections have been made." *A.V. by Versace*, 191 F. Supp. 2d at 406 (emphasis in original).

"The district court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record." *DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009). "When a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the [report and recommendation] strictly for clear error." *N.Y.C. Dist. Councils. of Carpenters Pension Fund v. Forde*, 341 F. Supp. 3d 334, 336 (S.D.N.Y. 2018) (quoting *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009)).

"The objections of parties appearing *pro se* are 'generally accorded leniency' and should be construed 'to raise the strongest arguments that they suggest.'" *DiPilato*, 662 F. Supp. 2d at 340 (emphasis in original) (quoting *Milano v. Astrue*, No. 05-CV-6527, 2008 WL 4410131, at *24 (S.D.N.Y. Sept. 26, 2008)). "Nonetheless, even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." *DiPilato*, 662 F. Supp. 2d at 340 (quoting *Pinkney v. Progressive Home Health Servs.*, No. 06-CV-5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008)).

## IV.  DISCUSSION

Plaintiff makes two objections to Judge Katz's Report and Recommendation on the grounds of bias. First, Plaintiff argues that Defendant Harrigan was biased because she "adjourned the hearing proceedings multiple times which amounted to undue pre-hearing confinement." Obj. at 3.[1] Next, Plaintiff avers that Defendant Harrigan was biased because the evidence relied upon to sentence Plaintiff was "inadequate" and therefore "there was nothing in the record to support the findings of Defendant Harrigan['s] determination." *Id.* at 3–4.

Plaintiff's first argument is a rehashing of one already considered by Judge Katz. *Compare* Dkt. No. 34 at 2 *with* R. & R. at 3, *id.* at 16–17. In his Report and Recommendation, Judge Katz explained that, given Plaintiff "was not provided the records he requested [at this Tier III hearing,] . . . . Defendant Harrigan adjourned the hearing so Plaintiff could finish receiving his assistance and review the requested records." R. & R. at 3; *id.* at 16–17. Judge Katz ultimately concluded that "Defendant Harrigan was a fair and impartial hearing officer," and that

---

[1] Citations to Plaintiff's submissions refer to the pagination generated by CM/ECF, the Court's electronic filing system.

3

she simply "adjourned the hearing multiple times to obtain the evidence and testimony Plaintiff required." *Id*. at 19. Given Harris's argument is one that that Judge Katz already considered, Harris's objection does not trigger de novo review and the Court finds no clear error on this ground. *Wentzel v. Pliler*, No. 21-CV-9245, 2023 WL 5183144, at *2 (S.D.N.Y. Aug. 11, 2023); *Vega v. Artuz*, No. 97-cv-3775, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002) ("[O]bjections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [papers] will not suffice to invoke de novo review[.]").

    Plaintiff's second argument addresses the sufficiency of the evidence used to arrive at his guilty disposition. Obj. at 3–4. Plaintiff argues he was "punished solely on the basis of a victim's hearsay accusation" and further alleges, inter alia, that "[n]othing in the misbehavior report . . . gave way to firsthand knowledge [by Sgt. Liberty] of this allege[d] incident" and the "victim of the incident actually testified that [Harris] was not the person who assaulted him." *Id.* at 3 (citing *Luna v. Pico*, 356 F.3d 481, 490 (2d Cir. 2004).

    While Plaintiff cites *Luna* to support the contention that he cannot be "punished solely on the basis of hearsay accusations," his argument fails for two reasons. First, as Defendant argues, "the only evidence that was relied upon [in *Luna*] was the testimony of an officer who did not witness the incident and the [unverified and confidential] testimony of another incarcerated individual who '[took] the Fifth,'. . . [and] a misbehavior report." Dkt. No. 42 at 2–3 (citing *Luna*, 356 F.3d at 484–87); *see also Luna*, 356 F.3d at 488–90. Moreover, the evidence in that case was "not strongly supported." *See* Dkt. No. 42 at 3; *Luna*, 356 F.3d at 488–90. But in the instant action, Defendant avers that not only did "Harrigan rel[y] on several pieces of

4

evidence in making her determination," but also that "the confidential testimony [in this case] was found to be credible, . . . provided gave specifics and details, and it did not appear that the motivation of the testimony was to harm Plaintiff." *See* Dkt. No. 42 at 3–4. The Court agrees with Defendant that *Luna* is inapplicable in this case.

The second reason Plaintiff's argument fails is because he already raised this argument and Judge Katz found it "unavailing." *See* R. & R. at 19–20. After laying out the proper legal standard, Judge Katz found that Harrigan "relied on: (1) Sgt. Liberty's misbehavior report; (2) the case data worksheet; (3) the lieutenant's memo to Sgt. Liberty; (4) the photo array Sgt. Liberty used to identify Plaintiff; and (5) confidential testimony." *Id.* at 20. Judge Katz reviewed the evidence and determined that the proper evidentiary standard was met. *Id* (citing *Cisse v. Bishop,* No. 22-CV-156, 2025 WL 935237, at *15 (N.D.N.Y. Feb. 26, 2025), *report and recommendation adopted*, No. 22-CV-156, 2025 WL 931981 (N.D.N.Y. Mar. 27, 2025)) (explaining that "a hearing officer may satisfy the standard of impartiality if there is 'some evidence' to support the hearing officer's findings.") Here, Judge Katz's analysis shows that, unlike the hearing officer in *Luna*, Harrigan relied on multiple, credible sources of evidence beyond just the victim's hearsay. *Compare Luna*, 356 F.3d 487–90 *with* Dkt. No. 29-3 ¶¶ 30–40. Thus, given that Harris had already raised this argument and Judge Katz already considered it, Harris's objection does not trigger de novo review and the Court finds no clear error on this ground. *Wentzel*, 2023 WL 5183144, at *2.

As Plaintiff has merely repeated arguments considered in the Report and Recommendation, the Court reviews Judge Katz's recommendation for clear error. *N.Y.C. Dist. Councils. of Carpenters Pension Fund*, 341 F. Supp. 3d at 336. Having found none, the Court

adopts the Report and Recommendation in its entirety. The Court therefore grants Defendant's Motion and dismisses this action.

## V.     CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report and Recommendation, Dkt. No. 38, is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that Defendant's Motion, Dkt. No. 29, is **GRANTED**; and it is further

**ORDERED**, that this action is **DISMISSED**; and it is further

**ORDERED**, that the Clerk close this action; and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:    September 29, 2025
          Albany, New York

_____
LAWRENCE E. KAHN
United States District Judge